**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN C. BRISBY,<br><br>      Plaintiff,<br><br>v.<br><br>ORITANI FINANCIAL CORPORATION, NICHOLAS ANTONACCIO, JAMES J. DOYLE, JR., JOHN M. FIELDS, JR., ROBERT S. HEKEMIAN, JR., HARVEY R. HIRSCHFELD, JUDITH SCHUMACHER-TILTON, JOHN J. SKELLY, JR. AND KEVIN J. LYNCH,<br><br>      Defendants. | CASE NO.:<br><br>COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS |

Plaintiff John C. Brisby ("Plaintiff"), by his attorneys, alleges upon information and belief, except for his own acts, which are alleged on knowledge, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff, a stockholder of Oritani Financial Corporation ("Oritani" or the "Company") brings this action against the members of Oritani Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, and 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to Valley National Bancorp. ("Valley").

2. On June 25, 2019, the Company announced that it had entered into a definitive agreement and plan of merger ("Merger Agreement"), by which Company will be acquired by Oritani (the "Proposed Transaction"). Under the terms of the Merger Agreement, Valley stockholders will receive 1.60 shares of Valley common stock for each share of Oritani common stock (the "Merger Consideration").

3. On September 25, 2019, Defendants authorized the filing of a Definitive Proxy Statement (the "Proxy") with the United States Securities & Exchange Commission. The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding the financial analysis performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW"), and the process undertaken by the Board before signing the Merger Agreement.

4. Without additional information the Proxy is materially misleading in violation of federal securities laws.

5. By unanimously approving the Proposed Transaction and authorizing the issuance of the Proxy, the Individual Defendants participated in the solicitation even though they knew, or should have known, that the Proxy was materially false and/or misleading. The Proxy is an essential link in accomplishing, and receiving stockholder approval for, the Proposed Transaction.

6. The stockholder vote to approve the Proposed Transaction is currently scheduled for November 14, 2019 (the "Stockholder Vote"). Under the Merger Agreement, following a successful Stockholder Vote, the Proposed Transaction will be consummated.

7. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants (collectively identified below) from conducting the Stockholder Vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of Oritani common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

9. Personal jurisdiction exists over each Defendant either because each has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue had an effect in this District, as the Company is headquartered in this District and the other Defendants either reside or have extensive contacts with the District; and (ii) Defendants have received substantial compensation in this District b.

## PARTIES AND RELEVANT NON-PARTIES

11. Plaintiff is, and has been at all relevant times, the owner of Oritani common stock.

12. Defendant Oritani is a corporation organized and existing under the laws of the state of Delaware. It maintains principal executive offices at 370 Pascack Road, Township of Washington, New Jersey 07676. Oritani is the stock holding company for Oritani Bank, a New Jersey-chartered savings bank operating in 25 branch offices and lending offices in New York City and Cherry Hill, New Jersey. Oritani common stock is listed for trading on the Nasdaq Global Market under the ticker symbol "ORIT."

13. Defendant Nicholas Antonaccio has served as a director of the Company since 1994.

14. Defendant James J. Doyle, Jr. has served as a director of the Company since 1998.

3

15. Defendant John M. Fields, Jr. has served as a director of the Company since 2016, and currently serves as Executive Vice President and Chief Financial Officer.

16. Defendant Robert S. Hekemian, Jr. has served as a director of the Company since 1999.

17. Defendant Harvey R. Hirschfeld has served as a director of the Company since 2014.

18. Defendant Kevin J. Lynch has served as a director of the Company since 1990 and as Chief Executive Officer and President of Oritani Bank since 1993 and the Company since 1998.

19. Defendant Judith Schumacher-Tilton has served as a director of the Company since August 2018.

20. Defendant John J. Skelly, Jr. has served as a director of the Company since 1999.

21. Defendants referenced in ¶¶ 13 through 20 are collectively referred to as Individual Defendants and/or the Board.

22. Relevant non-party Valley is a regional bank holding company headquartered in Wayne, New Jersey. Valley National Bank currently operates over 230 branch locations in northern and central New Jersey, New York City, Long Island, Florida, and Alabama. Valley's common stock is listed for trading on the NASDAQ under the ticker symbol "VLY."

**FURTHER SUBSTANTIVE ALLEGATIONS**

23. On June 26, 2019, Valley and Oritani issued a joint press release announcing the Proposed Transaction. The Press Release read in relevant part:

> WAYNE, N.J. and TOWNSHIP of WASHINGTON, N.J., June 26, 2019 (GLOBE NEWSWIRE) -- In a merger of two banks with a similar focus on the densely populated northern New Jersey markets, Valley National Bancorp ("Valley") (VLY) announced today that it is doubling its market share in demographically attractive Bergen County and enhancing its presence in Hudson County by acquiring Oritani Financial Corp. ("Oritani") (ORIT).

4

The companies have entered into a merger agreement in which the common shareholders of Oritani will receive 1.60 shares of Valley common stock for each Oritani share they own. The transaction is valued at an estimated $740 million, based on Valley's closing stock price on June 25, 2019.

Valley, and its wholly-owned subsidiary, Valley National Bank, has approximately $32.5 billion in assets, $25.4 billion in loans, $24.9 billion in deposits and more than 200 branches in New Jersey, New York, Florida and Alabama.

Oritani, and its wholly-owned subsidiary, Oritani Bank has approximately $4.1 billion in assets, $3.5 billion in loans, $2.9 billion in deposits, and maintains a branch network of 26 offices.

The acquisition represents a significant addition to Valley's New Jersey franchise, and will meaningfully enhance its presence in the densely populated and affluent Bergen County market. The acquisition will also bolster capital, providing greater balance sheet optionality and the acceleration of previously disclosed strategic initiatives. Ira Robbins, Valley's President & CEO commented that, "Oritani's conservative credit culture, combined with their customer focus should mesh seamlessly with that of Valley and our vision forward." He also stated, "I want to thank Kevin Lynch and his entire Oritani team for being responsible stewards of the franchise and balance sheet during his tenure. This capital-enriching transaction will enable Valley to continue to focus on improving the growth profile throughout its entire franchise, while providing enhanced products, services and delivery channels to Oritani's existing customer base. We are excited about this in-market combination and the synergies that it will bring us."

Kevin Lynch, Chairman, President & CEO of Oritani said, "We are thrilled about this combination with Valley. The infrastructure that has been assembled at Valley over the past few years will enable our customers to access a substantial product offering while still receiving the local decision making and the exceptional service they have become accustomed to at Oritani." Mr. Lynch is expected to join the Boards of Directors of Valley and Valley National Bank upon completion of this transaction.

The combined company at close is expected to have approximately $38 billion in assets, $30 billion in loans, $29 billion in deposits, and 245 branches across New Jersey, New York, Florida, and Alabama.

The Boards of Directors of both companies, after extensive review and due diligence, unanimously approved the transaction. The acquisition is expected to close late in the fourth quarter of 2019, subject to standard regulatory approvals,

shareholder approvals from Valley and Oritani, as well as other customary conditions.

In conjunction with the closing of this transaction, Valley is planning on restructuring approximately $635 million of higher cost FHLB borrowings. Valley anticipates the result of the merger, combined with debt restructuring will be immediately neutral to slightly accretive to earnings per share and tangible book value while increasing Tier 1 Common Equity by over 50 basis points.

**Combination of Strong Banks with Significant Overlapping Presence**

The transaction with Oritani is expected to substantially enhance all capital levels, allowing for a continuation of accelerated growth at Valley and providing an additional buffer for other forms of potential capital returns in the future. While we currently estimate 50% cost-savings, in addition to those related to legacy Oritani benefit plans, there has been no assumption of expense synergies due to branch closures, despite Valley and Oritani having 100% of their respective branches within a 3-mile radius of a competing branch. Valley has a track record of integrating mergers designed to minimize customer disruption, and deliver profitable growth while maintaining strong credit quality and a well-capitalized balance sheet. Selected data for the combined entity, on a pro-forma basis as of March 31, 2019, include:

- Approximately $37 billion in assets
- Approximately $29 billion in loans
- 245 branches, including 151 in northern and central New Jersey, 38 in Manhattan, Brooklyn, Queens and Long Island, 41 in Florida, and 15 in Alabama

**Transaction Summary**

Under the terms of the definitive agreement signed by the companies, each Oritani shareholder will receive 1.60 shares of Valley common stock for each share of Oritani common stock they own. Oritani's normal quarterly cash dividend policy for the period ended June 30, 2019 (typically paid in August) will not be impacted by this transaction. However, any subsequent quarterly dividends declared by Oritani will be limited to the current rate paid by Valley, exchange adjusted to $0.18 per common until the close of the merger.

The following are selected terms and metrics associated with the transaction based upon current projections, including the proposed refinancing of FHLB borrowings:

- Purchase price represents a fixed 1.60x for 1 exchange ratio
- Total transaction value of approximately $740 million

- Price to 2020 Fully Synergized EPS of 9.8x
- Price to tangible book value of 1.4x
- Tangible book value accretion of 0.0%
- Anticipated to be accretive to earnings in 2020, including FHLB restructuring

J.P. Morgan Securities LLC acted as financial advisor to Valley to provide a fairness opinion to Valley National Bancorp's Board of Directors. The law firm of Day Pitney LLP acted as counsel to Valley. Oritani was advised by the investment banking firm of Keefe, Bruyette & Woods, a Stifel Company, and the law firm of Luse Gorman, PC.

**The Proxy Misleads Oritani Stockholders by Omitting Material Information**

24. On September 25, 2019, the Company filed the materially misleading and incomplete Proxy with the SEC. Designed to convince Oritani stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning KBW's financial analyses, and the background of the Proposed Transaction.

*Material Omissions Concerning KBW's Financial Analyses*

25. The Proxy describes KBW's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of KBW's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Oritani stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on KBW's fairness opinion in determining how to cast their vote on the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to Oritani stockholders.

26. With respect to KBW's *Oritani Selected Companies Analysis* and *Valley Selected Companies Analysis*, the Proxy omits the individual financial metrics for each of the selected companies, and omits KBW's reason for excluding merger targets and mutual holding companies from the analysis.

7

27. With respect to KBW's *Selected Precedent Transactions Analysis*, the Proxy omits the individual multiples observed for each of the selected transactions.

*Material Omissions Concerning the Potential Conflicts of Interest Faced by KBW*

28. Furthermore, the Proxy fails to disclose the potential conflicts of interest faced by KBW in preparing its fairness opinion.

29. The Proxy also omits KBW's potential conflicts of interest faced while it acted as the Company's financial advisor. While the Proxy discloses that Valley engaged KBW in its acquisition of USAmeriBancorp, Inc. in January 2018 and as book-running manager in Valley's registered offering of preferred stock in July 2017, it is silent regarding the compensation paid to KBW as a result of these services.

30. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention

31. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Oritani**

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Oritani is liable as the issuer of these statements.

65. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

66. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

67. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

68. The Proxy is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

69. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

70. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

71. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72. The Individual Defendants acted as controlling persons of Oritani within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Oritani and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the

9

power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

73. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy.

75. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

76. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: October 2, 2019

Respectfully submitted,

By: /s/ *Donald J. Enright*
Donald J. Enright
**LEVI & KORSINSKY, LLP**
Elizabeth K. Tripodi (to be admitted *pro hac vice*)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: denright@zlk.com
          etripodi@zlk.com

*Attorneys for Plaintiff*